IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONALD W. BOND, Individually, and as Personal Representative of THE ESTATE OF JULIE M. BOND, and as Next Friend of his minor children, I.H.B., E.G.B., and E.J.B., and BETH ANDERSON, Individually, <br><br>  Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br>  Defendant. | Civil No. 22-00136 LEK-KJM <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE MOTION FOR APPOINTMENT OF NEXT FRIEND AND FOR LEAVE TO PROCEED UNDER PSEUDONYMS |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' EX PARTE MOTION FOR APPOINTMENT OF
NEXT FRIEND AND FOR LEAVE TO PROCEED UNDER PSEUDONYMS

On March 30, 2022, Plaintiffs Donald W. Bond, Individually, and as Personal Representative of the Estate of Julie M. Bond, and as Next Friend of his minor children, I.H.B., E.G.B., and E.J.B., and Beth Anderson, Individually (collectively, "Plaintiffs"), filed an Ex Parte Motion for Appointment of Next Friend and for Leave to Proceed Under Pseudonyms ("Ex Parte Motion"). ECF No. 4. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Ex Parte Motion,

the applicable law, and the record in this case, the Court GRANTS IN PART AND DENIES IN PART the Ex Parte Motion.

## DISCUSSION

On March 30, 2022, Plaintiffs filed their Complaint against Defendant United States of America ("Defendant"). ECF No. 1. The Complaint asserts claims against Defendant by Plaintiff Donald W. Bond ("Mr. Bond"), as personal representative of the Estate of Julie M. Bond ("Decedent") and as next friend of Mr. Bond's minor children, I.H.B., E.G.B., and E.J.B., and by Plaintiff Beth Anderson, mother of the Decedent, among other claims. The Complaint identifies the minors only by their initials. On the same date, Plaintiffs filed the Ex Parte Motion requesting (1) that Mr. Bond be appointed next friend to his minor children, and (2) leave to proceed in this case using only the minors' initials to keep I.H.B.'s, E.G.B.'s, and E.J.B.'s identities confidential. ECF No. 4-1 at 2 ¶¶ 5–6. The Court addresses these requests in turn below.

I.   Appointment as Next Friend

Mr. Bond asks the Court to appoint him next friend to his minor children in this action. Congress has authorized "next friend" lawsuits on behalf of a "minor or incompetent person . . . ." *Naruto v. Slater*, 888 F.3d 418, 422 (9th Cir. 2018) (citing Fed. R. Civ. P. 17(c) (directing the court to "appoint a guardian ad litem— or issue another appropriate order—to protect a minor or incompetent person who

is unrepresented in an action")). Federal Rule of Civil Procedure 17(c) "requires a court to take whatever measures it deems proper to protect an incompetent person[, such as a minor,] during litigation." *McCoy v. State of Haw. Dep't of Hum. Serv.*, CIV. NO. 21-00063 LEK-RT, 2021 WL 5040197, at *5 (D. Haw. Oct. 29, 2021) (brackets in *McCoy*) (quoting *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)). "[T]he court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be adequately protected," but "it is under a legal obligation to consider whether the person is adequately protected." *Id.* (internal quotations marks omitted) (quoting *30.64 Acres of Land*, 795 F.2d at 805).

The Ninth Circuit has established—in the context of federal habeas proceedings, but no less applicable here—that a next friend must show that a plaintiff is unable to litigate his cause as well as a significant relationship and true dedication to the best interests of the plaintiff:

> In order to establish next-friend standing, the putative next friend must show: (1) that the [plaintiff] is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the [plaintiff].

*Id.* (quoting *Coal. of Clergy v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002)).

The Court finds that appointment of Mr. Bond as next friend is appropriate under the circumstances. In their Complaint, Plaintiffs assert a claim for, among

3

others, mental anguish, emotional distress, and loss of consortium ("Third Claim"). ECF No. 1 at 31–32 ¶ 178. I.H.B., E.G.B, and E.J.B. are minor children of Mr. Bond and the Decedent. *Id*. at 3–4 ¶¶ 8–10. As minor children in this action, I.H.B., E.G.B, and E.J.B. would not be able to litigate their own causes. Furthermore, Mr. Bond, as the minor children's natural father, has a significant relationship with them and asserts, along with his minor children, the Third Claim in their best interests. *McCoy*, 2021 WL 5040197, at *5 (quoting *Coal. of Clergy*, 310 F.3d at 1159–60). Thus, to the extent Mr. Bond seeks appointment as next friend to litigate this matter on behalf of his three minor children, the Court grants the Ex Parte Motion.

II.  Proceeding Under Pseudonyms

Mr. Bond also seeks to proceed in this matter under the pseudonyms of his three minor children, I.H.B., E.G.B, and E.J.B. Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties." Fed. R. Civ. P. 10(a). There is, however, a very narrow exception to this rule. *See U.S. v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (citation and internal quotation marks omitted) ("As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity."); *see also John Doe 140 v. Archdiocese of Portland in Or.*, 249

F.R.D. 358, 360 (2008) (acknowledging courts' permission for "parties to proceed anonymously when special circumstances justify secrecy").

The Ninth Circuit has enunciated the circumstances under which a court may exercise discretion to allow a party to proceed on an anonymous basis. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). The touchstone for the analysis is to determine whether the "party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The court specified the criteria that must be considered to determine whether an order to proceed anonymously is justified and held:

> [A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]

*Id.* (some alterations in original) (internal citations omitted); *Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015).

Plaintiffs seek leave to proceed using pseudonyms as to the minors because "federal law mandates keeping the identities of these minors confidential, if at all possible." ECF No. 4-1 at 2 ¶ 7. The identities of I.H.B., E.G.B, and E.J.B.,

...

however, are not confidential, as their first and last names have been publicly disclosed in an online obituary for the Decedent. The Court thus finds that Plaintiffs fail to demonstrate a need for anonymity as to the minors and, to the extent Mr. Bond seeks to proceed under the pseudonyms of his minor children, denies the Ex Parte Motion.

CONCLUSION

Based on the foregoing, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Ex Parte Motion for Appointment of Next Friend and for Leave to Proceed Under Pseudonyms (ECF No 4). Plaintiffs shall file an amended complaint that identifies I.H.B., E.G.B, and E.J.B. by their full names no later than **April 12, 2022**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 5, 2022.



Kenneth J. Mansfield
United States Magistrate Judge

*Bond v. United States of America*, Civil No. 22-00136 LEK-KJM; Order Granting in Part and Denying in Part Plaintiffs' Ex Parte Motion for Appointment of Next Friend and for Leave to Proceed Under Pseudonyms